STILLMAN F. PRATT, AS ADMINISTRATOR OF GEORGE W. SMITH, DECEASED, RESPONDENT, *v.* THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY, APPELLANT.

*Negligence — defective machinery — special agreement of a brakeman — measure of his duty — his negligence a question for the jury.*

A brakeman, who was killed while attempting to set a defective brake, four out of six of the spokes of which, as the evidence tended to show, were broken at the time of the accident, had, upon being employed, signed an agreement, in which, among other things, he agreed that before using a car he would examine it to ascertain its condition and soundness; that he was to be allowed sufficient time to do this, and might refuse to obey an order which would expose him to danger.

It appeared that the railroad corporation which employed him had experts to make such examinations. It did not appear, however, that the deceased knew anything about machinery; and there was evidence tending to show that the defect was not easily discoverable.

In an action brought by the administrator of the deceased to recover the damages occasioned by his death:

*Held,* that the agreement was not a defense to the corporation.

That the measure of the brakeman's duty under it was to be vigilant to discover defects in the machinery, and to refrain from using such as he knew was defective.

That the question of his negligence was one which was properly submitted to the jury.

APPEAL by the defendant, the Lake Shore and Michigan Southern Railway Company, from an order, entered in the office of the clerk of the county of Erie on the 24th day of October, 1891, denying a motion for a new trial upon a case and exceptions; and also from a judgment, entered in said clerk's office on the 29th day of October, 1891, upon a verdict for the plaintiff for $3,000 after a trial at the Erie Circuit before the court and a jury.

*James F. Gluck*, for the appellant.

*Tracey C. Becker*, for the respondent.

LEWIS, J.:

The deceased was employed by the defendant as a brakeman, and on the 10th day of June, 1890, it became necessary for him, in discharging his duties as a brakeman, to set a brake upon one of the cars of the defendant, and in so doing it broke, he was precipitated from the car to the ground and was killed by the train of cars passing over him.

It was found upon examination that the brake was defective, in that four of the six spokes which connected the hub and rim of the wheel of the brake were broken off where their ends had joined the rim. The ends thus broken were rusty, showing that they had been broken for a long time. Of the two sound spokes broken off when the deceased attempted to set the brake, the broken ends were bright, showing that they were freshly broken. The defective condition of the brake caused the accident.

There was abundant evidence tending to establish that the defendant was guilty of negligence in failing to ascertain, by a proper inspection, the defective condition of the brake. The defendant's negligence became a question of fact for the jury. The defendant introduced in evidence an agreement signed by the deceased on the 18th day of December, 1884, which provided that having been employed by the defendant he acknowledged the receipt of printed rules and regulations of the company.

The agreement further stated : " I do hereby agree with it in consideration that it will pay me the wages stipulated, that I will, so long as I remain in its service, faithfully respect and obey all said orders, rules and regulations, and all others which may be adopted and of which I may have notice ; and I do further agree that I will for myself, in all cases before exposing myself in working or in being on the *tracks* or grounds of the company, or in working with or being in any manner on or with its cars, engines, machinery or tools, examine for my own safety the condition of all machinery, tools, tracks, cars, engines, or whatever I may undertake to work upon or with, before I make use of or expose myself on or with the same, so as to ascertain, so far as I reasonably can, their condition and soundness. *  *  *

"The object of this agreement being first to protect me from suffering personal injury from any cause; second, that while the company will be responsible to me for the discharge of all its duties and obligations to me and for any fault or neglect of its own or of its board of directors or general officers, which are the proximate cause of injury, yet it will not be responsible to me for the consequences of my own fault or neglect.  *  *  *

"It being expressly agreed on the part of the company that it is my right and duty, under all circumstances, to take sufficient time, before exposing myself, to make such examinations as I have here agreed to; and to refuse to obey any order which would expose me to danger."

It is the contention of the defendant that the deceased was guilty of negligence himself in not having discovered the defective condition of the brake before using it.   There was evidence showing that the defendant employed experts *whose* special duty it was to examine the machinery, tools, etc., used by the defendant.   The *deceased* was a brakeman simply.   There was no evidence in the case that he was an expert in the examination of machinery.

It is quite clear that it would not have been practicable for the deceased to have performed the duty of an expert examiner before using the machinery of the cars he was required to use in the discharge of his duties.   The cars composing the trains he was required to work on were frequently changed in making up trains.   The exigencies of the business prevented that deliberation which would obviously be necessary to a proper examination of the machinery. He was required to be attentive and vigilant in the discharge of his duties to discover defects in the machinery, and to refrain from using machinery if he learned it was in a defective condition; and that, we think, was the extent of the requirements of the agreement.

The evidence tended to show that it required an expert to have discovered the defects in his brake.

The question of the deceased's negligence was properly submitted to the jury.

We fail to find any reason for the reversal of the judgment.

DWIGHT, P. J., and MACOMBER, J., concurred.

Judgment and order appealed from affirmed.