March 9, 1908.

———o———

(Court of Appeal, Parish of Orleans.,

No. 3961.

JOHN AND LEON VARION vs. W. H. HOWCOTT.

ON MOTION TO DISMISS.

Jurisdictional allegations in the petition as to the value of property

in dispute must yield to the proof found in the record, of such value.

Appeal from Civil District Court, Division "A."

G. Fernandez, Jr., Dinkelspiel & Hart, Plaintiff and Appellee.

W. W. Wall, Defendant and Appellant.

ESTOPINAL, J. The motion to dismiss in this case is predicated on the allegation in plaintiff's and appellant's petition to the effect, "that the property which is the subject matter of litigation is worth more than two thousand dollars ($2,000.00), therefore this Court is without jurisdiction. The value of the property asserted in the petition must yield to the proof administered by the parties, and, consulting that proof we find that the value of the property in dispute is far below the high-est jurisdictional limit of this Court.

The motion to dismiss is therefore denied.

May 14th, 1906.

## ON THE MERITS.

The facts of this case bring it within the scope of the decision of the Supreme Court in Citizens Bank vs. Marr, 45 S. R. 715.

DUFOUR, J. The plaintiffs sue, as owners by inheritance from their father, to recover a certain square of ground in this city, which the defendant claims to hold by virtue of an auditor's deed under Act 80 of 1888.

Howcott purchased, in May, 1903, and the property was adjudicated to the State for taxes of 1882, assessed in the name of Francis Varion.

The plaintiff's contention is that the sale to Howcott is null because the State had no title, all State taxes, privileges and sales having been annulled in 1900 by judgment of the Second City Court in a suit contradictorily had with the tax collector and due erasure of the same from the public records having been made by that officer.

It is also claimed that one Morel, in 1886, redeemed the property from forfeiture for taxes anterior to 1880, under Act 82, of 1884, and transferred his rights to plaintiffs. The defendant, having purchased from the State after an adjudica-

106

tion to her under an assessment in the name of Varion, is not in a position to deny his ownership at the time and the plaintiff's are shown to be the sole heirs of their father.

The evidence as to Morel's title is meagre and secondary in its nature; but, conceeding that he "redeemed," as is claimed, the property, his title remained inchoate and was never perfected. His obligation, under the Act of 1884, was to pay the taxes from 1880 and we do not find that any such payment was made. The record shows merely a cancellation of the taxes and tax privileges under judgment of the Second City Court and on the ground of prescription.

That such cancellation was without legal effect is settled by the case of Citizen's Bank vs. Marr, 45 S. R. 715, in which the Supreme Court said:

"The properties had already been sold at the tax sale of 1885, made by Cavanac, tax collector, and the legal title of the properties had already been placed in the name of the State. Whatever may have been the intent as to the ultimate purpose of the State in taking the legal title, the fact had as its legal result the doing away of any proceedings to enforce payment of the taxes thereon by sales. The taxes quoad the State were extinguished as to the owner under the circumstances, but not by and through prescription. Prescription after the sale would not enter as a fact or determining what the relative rights of the State or those of Vaughn and the bank might be........ It (the bank) did not claim then and does not claim now that when the adjudication to the State was made through the Cavanac sale, the particular taxes for the enforcement of which the sales were made were then prescribed."

In the instant cases prescription had not accrued when the sale to the State was made in 1885 for the taxes of 1882 and 1883. It is not denied that the judgment of the Second City Court annulling the tax sale was based on an allegation that the taxes and tax liens were prescribed at the time the suit was brought and that the City Court at that time was without jurisdiction in suits affecting title to real estate.

It is claimed, however, that the want of jurisdiction of the Court is immaterial under the jurisprudence and Art. 612 C. P., because the defendant State tax collector voluntarily executed the judgment and acquiesced in it by erasing the sale from his records.

It is sufficient answer to say that precisely the same conditions existed in the Citizens' Bank case *supra,* as will be seen by the following excerpt from the statement of facts in that case:

"The defendants in the rule were notified, but the Court, made the rule absolute and ordered the inscriptions to be cancelled and erased. The defedants showed no cause why this should not be done and the tax collector subsequently entered upon his records that such taxes had been cancelled and erased by judgment of Court."

The conclusion we have reached for the reasons stated relieves us of the necessity of discussing other grounds suggested in argument. The judgment recognizing plaintiff's claim of title is erroneous.

Judgment reversed and the plaintiff's demand is rejected at their cost in both Courts, and defendant, William H. Howcott is hereby decreed to be owner of the property in controversy and to be entitled to retain possession thereof.

March 9, 1908.

Rehearing refused April 6, 1908.

Writ refused by Supreme Court May 25, 1908.